UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOV FRISHBERG, : | |
| On behalf of himself, and : | |
| JEFFREY H. TEITEL : | |
| On behalf of himself and others similarly situated, : | |
| Plaintiffs, : | |
| : | 3:07-cv-1081 (CFD) |
| v. : | |
| : | |
| DELOITTE & TOUCHE PENSION PLAN, and : | |
| DELOITTE & TOUCHE USA, LLP, : | |
| Defendants. : | |

**RULING ON MOTION FOR RECONSIDERATION AND MOTION TO DISMISS**

**I.      Introduction**

This case arises out of a suit brought by two ERISA plan participants challenging the denial of certain pension benefits.  On August 26, 2008, this Court issued a stay of plaintiff Jeffrey Teitel's portion of the case, pending exhaustion of his administrative remedies through the pension plan.  In response, Teitel filed the instant motion for reconsideration on August 6, 2009.  Plaintiff Dov Frishberg also seeks dismissal of this action as to him, but "without prejudice."  The Court had previously denied the defendants' motion to dismiss as to Frishberg.

**II.     Background[1]**

Plaintiffs Frishberg and Teitel filed suit in July 2007, claiming violations of ERISA by the defendant Deloitte & Touche and its pension plan administrator.  Frishberg, in his individual capacity, and Teitel, as a putative class representative, argued that they should receive additional

---

[1] Unless otherwise noted, these facts are taken from both parties' memoranda in support of and in opposition to the pending motions, as well as the accompanying exhibits.

-1-

credit under the pension plan for the period of time between the beginning of their employment by Deloitte & Touche and the beginning of their enrollment in the plan.

### III. Applicable Law and Discussion

#### A. Teitel's Motion for Reconsideration

Under Local Rule of Civil Procedure 7(c), a motion for reconsideration must be submitted "within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." United States District Court, District of Connecticut, Local Rule of Civil Procedure 7(c) (2009).

In this case, Teitel's motion for reconsideration was filed nearly one year after the ruling it seeks to address. Thus, the motion is untimely. In addition, the motion does not identify evidence or case law which the Court overlooked in its initial decision. See Shrader, 70 F.3d at 257. As a result, Teitel has not satisfied the requirements of moving for reconsideration.

Even if the motion for reconsideration had been proper, however, this Court's original ruling would stand. The Second Circuit has recognized a "firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases." Kennedy v. Empire Blue Cross and Blue Shield, 989 F.2d 588, 594 (2d Cir.1993); see also Burke v. Kodak Ret. Income Plan, 336 F.3d 103, 107 (2d Cir.2003). Plaintiffs may be excused from the exhaustion requirement if they can make a "clear and positive showing that pursuing available administrative remedies would be futile." Davenport v. Abrams, 249 F.3d 130, 133 (2d Cir. 2001). However, this "heavy

burden," Cole v. Travelers Ins. Co., 208 F.Supp.2d 248, 262 (D. Conn. 2002), is not satisfied where a claimant simply argues that a claim would have been denied. See Barnett v. I.B.M. Corp., 885 F.Supp. 581, 588-89 (S.D.N.Y.1995). Instead, the plaintiff must show that the claim would have certainly been denied. See Cole, 208 F.Supp.2d at 262; Wilczynski v. Lumbermens Mut. Cas. Co., 93 F.3d 397 (7th Cir.1997).

Teitel argues that administrative review in this case is futile because the facts of each individual case are not relevant to the administrative decision. Since plan administrators in other cases have interpreted the plan to discount the pre-enrollment time period, Teitel argues, his application will also be denied regardless of any differences in individual circumstances. However, while courts have excused the exhaustion requirement for plaintiffs who bring statutory claims under ERISA, see e.g. De Pace v. Matsushita Elec. Corp. of America, 257 F.Supp.2d 543, 558 (E.D.N.Y. 2003), this case is based not on the ERISA statute itself, but rather on the specific plan being interpreted and implemented by the defendants. Thus, the plaintiff's analogy to statutory interpretation is unpersuasive.

In addition, Teitel argues that his case involves the same question of plan interpretation that has been rejected by the defendants in three other instances. However, the failure of three other claimants is not enough to establish futility. Courts have found futility where the plan administrator has failed in a way that denies the claimant access to the full and proper procedures of the administrative process. See Wilczynski, 93 F.3d at 397; see also Ludwig v. NYNEX, 838 F.Supp. 769, 781-82 (S.D.N.Y.1993). Even if the rejection of three similarly-situated claimants makes Teitel's chances for success less likely, his case still falls short of the heavy burden required to make a futility showing.

Furthermore, Teitel's argument that exhaustion is not required because the plan administrator has adopted a hostile interpretation in previous cases is unavailing. In Peck v. Aetna Life Ins. Co., 464 F.Supp.2d 122 (D. Conn. 2006), the plaintiff brought a class action claim before exhausting administrative remedies, arguing that the plan administrator had a fixed policy of not paying benefits that accrue during a "waiting period." The District Court rejected the plaintiff's contention that exhaustion did not apply and noted that a plaintiff must have made an "unambiguous application for benefits and received a formal or informal administrative decision denying benefits" in order to establish futility. Peck, 464 F. Supp.2d at 126. Peck reinforces the rule that plaintiffs must make an initial administrative claim, even if a policy makes it likely that the claim will be denied. Id. Since a "de facto denial" is not enough to satisfy the futility exception to the exhaustion requirement, see id., Teitel is not excused from filing an administrative claim. Accordingly, this Court's original ruling does not merit reconsideration.

Teitel requested that, if the Court did not grant his motion for reconsideration, this case be dismissed without prejudice. See Civil Action No. 3:07-cv-1081, Plaintiff Teitel's Motion for Reconsideration, Dkt. #56, at 2. The defendants have requested the same relief. See Civil Action No. 3:07-cv-1081, Memorandum in Opposition to Plaintiff Teitel's Motion for Reconsideration, Dkt. #61, at 5. As a result, Teitel's portion of the case is dismissed without prejudice.

**B. Frishberg's Motion to Dismiss Without Prejudice**

The Court had previously denied the defendants' motion to dismiss as to plaintiff

Frishberg. Frishberg now seeks dismissal as to him, but without prejudice. The defendants object.

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A party moving for voluntary dismissal is not entitled to this relief as a matter of right. See Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990). Instead, it is within the discretion of this Court to grant or deny a motion seeking dismissal without prejudice, see Catanzano v. Wing, 277 F.3d 99, 109 (2d Cir. 2001). The factors which guide this analysis are: (1) the plaintiff's diligence in bringing the motion, (2) any "undue vexatiousness" on the part of the plaintiff, (3) the extent to which the suit has progressed (including effort and expenses incurred by the defendants), (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's justifications for the request for dismissal." Zagano, 900 F.2d at 14.

While Frishberg argues that judicial resources could be saved by not rendering a decision on the defendants' statute of limitations defense, the Zagano factors counsel in favor of denying Frishberg's motion to dismiss without prejudice. After this Court's ruling in August 2008, Frishberg did not file another motion until he filed this one in August 2009, in response to a status conference requested by the defendants. The defendants alleged "undue vexatiousness" on the part of the plaintiff because he filed a complaint in this case which was nearly identical to a complaint filed in federal court in Illinois against the same defendants, omitting only a key fact which resulted in the prior case being dismissed on statute of limitation grounds. Since summary judgment may resolve the current case on statute of limitations grounds, the defendants also argue that they would be prejudiced by granting this motion and that judicial resources are best

served by denying Frishberg's motion to dismiss without prejudice.  Interpreting the arguments by both sides in light of the Zagano factors, dismissal without prejudice is not warranted in this case as to Frishberg.

**IV.     Conclusion**

For the reasons set forth above, plaintiff Teitel's motion for reconsideration [Dkt. #56] is DENIED and the case is dismissed as to Teitel without prejudice, pending exhaustion of administrative remedies.  Plaintiff Frishberg's motion to dismiss without prejudice [Dkt. #55] is DENIED, and this case remains pending as to plaintiff Frishberg.

SO ORDERED this   1st   day of December 2009, at Hartford, Connecticut.

 /s/ Christopher F. Droney

**CHRISTOPHER F. DRONEY**

**UNITED STATES DISTRICT JUDGE**